IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHERRY ANN GOOLD,** *et al.,* *Plaintiffs,* | : : : |
| v. | : **CIVIL NO. 23-3527** |
| **DANIEL OPREA,** *et al.,* *Defendants.* | : : : |

**MEMORANDUM**

Scott, J.                                                                                                         **May 9, 2024**

*Pro se* Plaintiffs Sherry Ann Goold and Bradford E. Wilson bring this action against Defendants Daniel and Mary Rose Oprea, Upper Southampton Township, Upper Southampton Township Police Department, and "Magistrate Court Brian Marriott" alleging various constitutional violations and a violation of the Federal Wiretap Act. Currently pending before the Court are Defendant Magisterial District Judge Brian Marriott's Motion to Dismiss (ECF No. 9), Defendants Upper Southampton Township and Upper Southampton Township Police Department's Motion to Dismiss (ECF No. 11), and Defendants Daniel and Mary Rose Oprea's Motion to Dismiss (ECF No. 24). For the reasons set forth below, the Motions to Dismiss will be granted and this case will be dismissed. An appropriate Order will follow.

**I.       BACKGROUND & PROCEDURAL HISTORY**[1]

This action arises out of a dispute between Plaintiffs and their neighbors, Defendants Daniel and Mary Rose Oprea (collectively, "the Opreas"). Plaintiffs allege that in 2022, Defendant Mr. Oprea and his son trespassed onto Plaintiffs' property and cut down "massive amounts" of Plaintiffs' tree branches. ECF No. 1 at 9. Plaintiffs allege that upon observing this, they called the Upper Southampton Township Police Department, but when the Police arrived, the Police refused

---

[1]       The Court adopts the pagination supplied by the CM/ECF docketing system.

1

to arrest the Opreas, which Plaintiffs assert "den[ies them] equal protection of the law." *Id.* Thereafter, the Opreas allegedly installed outdoor lights and cameras that faced the rear of Plaintiffs' home. *Id.* at 3, 10. The cameras were allegedly equipped with audio and video recording capabilities without Plaintiffs' consent or permission. *Id.* at 3.

Plaintiffs further allege that between June and August 2023, Magisterial District Judge Brian Marriott conducted a hearing wherein Judge Marriott "refused to allow [Plaintiff] Brad [Wilson] to question his accuser and to present a defense"; thus preventing Mr. Wilson from having a "fair hearing." *Id.* at 8. Judge Marriott allegedly imposed a $450 fine, which Mr. Wilson has appealed and is awaiting a hearing on. *Id.* Plaintiffs further claim that "Judge Marriott f[ound Plaintiff] Brad [Wilson] guilty and sen[t] the charges to Doylestown to Court of Common Pleas [and Plaintiff] Brad [Wilson] has a hearing on those charges on September 29th in Doylestown." *Id.*

On September 11, 2023, Plaintiffs filed this Complaint against Defendants Daniel and Mary Rose Oprea, Upper Southampton Township, Upper Southampton Township Police Department, and "Magistrate Court Brian Marriott" alleging violations of "the Federal Wire Tap Act, violations of Equal Protection of the Law, Cruel and Unusual Punishment, and Double Jeopardy." ECF No. 1 at 1–2. Plaintiffs' prayer for relief includes $2,000,000 in monetary damages, and a request that this Court: (1) dismiss Plaintiff Wilson's pending state criminal charges; (2) order the Oprea's remove cameras from their home; (3) put the Police Department on a 30-year "probation, no tolerance"; and (4) order the resignation of Judge Marriott and two police officers. *Id.* at 4.

Currently pending before the Court are three Motions to Dismiss: one filed by Defendant Magisterial District Judge Brian Marriott (ECF No. 9); one filed by Defendants Upper

Southampton Township and Upper Southampton Township Police Department (ECF No. 11); and one filed by Defendants the Opreas (ECF No. 24). Since the filing of these Motions, Plaintiffs have filed numerous responses and letters with the Court.[2] *See* ECF Nos. 12–15, 18, 25–27. Accordingly, this matter is ripe for resolution.

## II.   **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility means 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and interpreted in the light most favorable to the plaintiffs, and all inferences are drawn in the plaintiffs' favor. *See McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009) (quoting *Schrob v. Catterson*, 948 F.2d 1402, 1408 (3d Cir. 1991)). As Plaintiffs are proceeding *pro se*, the Court must construe the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

---

[2]   The Court notes that within these filings, Plaintiffs appear to assert additional facts and claims; however, the Court will not consider these additional facts and claims as "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotations and citation omitted).

### III. DISCUSSION

Construing the allegations in the Complaint liberally, the Court finds that Plaintiffs have failed to state any cognizable claim for relief against any of the named Defendants.

First, Plaintiffs' claim against Judge Marriott fails because Judge Marriott has judicial immunity. "It is a well-established principle that a judge 'in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.'" *Brown v. Calabro*, 512 F. App'x 137, 140 (3d Cir. 2013) (citation omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (internal quotations and citation omitted). The allegations in Plaintiffs' Complaint relate to actions taken by Judge Marriott in his capacity as a judge, and his actions certainly were not in the clear absence of jurisdiction. Accordingly, Plaintiffs' allegations are insufficient to overcome Judge Marriott's judicial immunity.

Second, Plaintiffs' allegations against Defendants Upper Southampton Township and Upper Southampton Township Police Department fail to state a claim for which relief can be granted. The only allegations as to these Defendants are that they dispatched units to Plaintiffs' residence and did not arrest anyone. Plaintiffs have not described how such vague allegations amount to any plausible claim for relief. Moreover, the mere fact that the police did not arrest anyone does not support a cause of action for a civil suit. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also McCrary v. Cnty. of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."). As Plaintiffs have alleged no additional facts concerning Defendants Upper Southampton Township and Upper Southampton Township Police

4

Department from which this Court could discern another constitutional provision applies, the Court finds Plaintiffs have failed to state a cognizable claim for relief against Defendants Upper Southampton Township and Upper Southampton Township Police Department.[3]

Lastly, Plaintiffs have failed to state a claim against their neighbors, the Opreas. The allegations in the Complaint relating to the Opreas are that Daniel Oprea and his son cut down Plaintiffs' tree limbs and that the Opreas installed cameras and lighting facing Plaintiffs' property. These vague allegations are void of any factual information which could plausibly state a claim for relief. First, to state a prima facie case under the Wiretap Act, a plaintiff must show that a defendant: "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 135 (3d Cir. 2015) (internal quotations and citation omitted). Here, Plaintiffs allege that the Opreas had camaras pointing toward their house and asks this Court to order that "all cameras [] be dismounted off their (Opreas) house because of abusing the law." ECF No. 1 at 4; *see also id.* at 11 ("asking for your Court to . . . [order the Opreas] to turn off their cameras . . . because of the serious threat of [Plaintiff] Brad [Wilson] being sent to prison over looking at a camera on their property from my property"). Such allegations do not amount to a prima facie case under the Federal Wiretap Act.

Second, even if Plaintiffs had sufficiently alleged facts showing they were deprived of a right secured by the Constitution or federal laws, the Opreas are private citizens and there are no allegations from which they can be brought within the grasp of Section 1983 liability. *See, e.g.*,

---

[3] The Court also notes that any request by Plaintiffs to terminate the criminal proceedings against Plaintiff Wilson while they are ongoing is against public policy. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971) (recognizing that the "longstanding public policy against federal court interference with state court proceedings" generally requires federal courts to abstain from involvement in state criminal proceedings).

*Dophin v. Bank of Am. Mortg. Co.*, 641 F. App'x 131, 133 (3d Cir. 2016) ("To pursue a constitutional claim under 42 U.S.C. § 1983, a plaintiff must establish that she was deprived of a federal constitutional or statutory right *by a state actor*." (internal quotations and citation omitted)). "Merely making complaints to municipal officials about an alleged nuisance does not convert a private person into a state actor subject to liability for constitutional violations under § 1983." *Retzler v. McCauley*, No. 19-CV-1800, 2019 WL 5290802, at *3 (E.D. Pa. Oct. 18, 2019) (collecting cases). Accordingly, Plaintiffs have failed to allege a plausible claim for relief against the Opreas.

In summary, the Court finds that Plaintiffs have failed to state any cognizable claim for relief against any of the named Defendants and accordingly, Plaintiffs' Complaint will be dismissed.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Complaint will be dismissed without prejudice.[4] An appropriate Order will follow.

BY THE COURT:

_____
**HON. KAI N. SCOTT
United States District Court Judge**

---

[4] Cognizant of Plaintiffs' *pro se* status, the Court will grant them the opportunity to "flesh out [their] allegations by . . . explaining in [the] amended complaint the 'who, what, where, when and why' of [their] claim[s]." *See Davis v. Internal Revenue Serv.*, No. 21-cv-4728, 2022 WL 407639, at *3 (E.D. Pa. Feb. 9, 2022) (citing *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-cv-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)).